*G. W. Duvall, for appellant.*
*P. H. Darby, for appellees.*

---

## JAMES McGUIRE *v.* JOHN McGUIRE.

**Breach of Contract—Damages—Assignment—Parties to Suit—Pleading.**
   Where a written contract is not assignable, an assignment will pass an equitable right only, and where suit is brought on such contract for its breach the assignor must be made a party.

**Pleading—Waiver.**
   The failure to make a person a party when it appears on the face of the petition that he should be a party, is a cause for demurrer, but when no demurrer is filed such objection is waived.

**Pleading—Proof.**
   Before plaintiff can recover for breach of a contract he must not only aver and prove defendant's failure to comply with its terms, but he must aver and prove that he himself complied with or was ready to carry out his agreement.

APPEAL FROM LEE CIRCUIT COURT.

December 12, 1874.

OPINION BY JUDGE PETERS:

The written contract between Webb and appellee was not by law assignable, and the assignment to appellant passed to him only an equitable right; and as the legal right remained in Webb, he should have been made a party to the action either as plaintiff or defendant. Sec. 30 and 31, Civil Code.

This appeared on the face of the petition and the failure to make him a party was a cause of demurrer, which should have been specified as a distinct ground of demurrer. But where an objection for the want of necessary parties is not made by demurrer, it shall be deemed to have been waived. Sec. 121, Civil Code.

The writing sued on imposed on Webb a personal duty, from which he could not relieve himself by assigning it to a third party, and substituting him to perform the duty, unless appellant assented to the substitution, agreed to look to the assignee for the performance of Webb's part of the contract, and released him. In order to maintain the action, appellee should have alleged the foregoing facts in direct and positive terms, and not leave them to be inferred from some other facts stated argumentatively, as is done in this petition, which for that reason would have been bad on demurrer; but we regard the defect cured by the answer, in which he says that he had logs in the mill yard at the time appellee bought the mill, such as he was bound to furnish under his contract with Webb, but that plaintiff failed and refused to saw them, or any logs furnished him by defendant after he purchased the mill from Webb; and he says that if plaintiff had signified to him that he intended to carry out the Webb contract, he would have furnished the logs as agreed upon, evidently waiving and making no objection to the substitution of appellee in the place of Webb.

We now proceed to consider whether the instructions given to the jury by the court and excepted to by appellant, were a correct presentation of the law of the case. In the first the jury are told, in substance, that if they believe from the evidence that appellee bought out Webb's interest in the mill, and that appellant assented to the purchase, and that appellant failed to deliver as many logs in the mill yard as said mill would saw, with the hands furnished by appellee to saw and take care of the lumber, and of the description

named in the contract, then they will find for appellee the amount they believe from the evidence he has been damagd by reason of said defendant's failure to furnish said logs, unless they believe from the evidence that the plaintiff released said defendant from his contract to deliver said logs under said contract, before he had violated the same, or unless they believe from the evidence that the plaintiff refused to permit the defendant to deliver the logs according to his contract, or unless they believe from the evidence the defendant delivered the logs according to his contract. There are several obvious objections to this instruction. First, it assumes, as a foundation for the recovery, that the plaintiff had all the hands at the mill ready to cut and take care of all the logs that the mill was capable of sawing, and withdraws the consideration of that fact from the jury. Second, the plaintiff's right to recover is not made to depend at all on his readiness and willingness to saw the logs to be furnished by defendant, but on the failure of defendant to furnish the logs, whether plaintiff was willing and ready to saw them or not. Third, although the jury might have believed from the evidence that the plaintiff had, before suit was brought, released defendant from his obligation to deliver logs, still they were told that if he had released defendant before he had violated his contract, that the release was not available. Certainly after defendant had violated his contract, and before it had expired (if he in fact had violated it), the plaintiff could have released him from his further obligation to deliver logs, and such release would protect him from the time it was made. But he could have released defendant from the consequences of the breach of his contract as well after as before the breach, and make the release cover the past and future. This qualification of the instruction was too limited.

The second instruction given is obnoxious to the same objections pointed out to the first. Under the evidence in the case, instruction No. 3, as asked by appellant, should have been given.

Wherefore the judgment is *reversed* and the cause remanded for a new trial, and for further proceedings consistent herewith.

*William Preston, for appellant.*
*H. C. Lilly, for appellee.*